# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLUMBIA AIR SERVICES, INC., individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FIDELITY MANAGEMENT TRUST COMPANY, <br><br> Defendant. | NO. _____ <br><br><br> **CLASS ACTION COMPLAINT** |

Plaintiff, Columbia Air Services, Inc. ("Plaintiff"), individually and on behalf of a class of all others similarly situated, by its attorneys, alleges the following for its Complaint ("Complaint"):

## I. NATURE OF THE ACTION AND SUMMARY OF CLAIMS

1. Plaintiff is the sponsor and plan administrator for the Columbia Group of Companies 401(k) Retirement Savings Plan ("Plan"). Defendant, Fidelity Management Trust Company ("Fidelity"), is the Plan's trustee and, therefore, a fiduciary of the Plan. Plaintiff brings this action on behalf of the Plan and all other sponsors, administrators and trustees on behalf of similarly situated plans (the "Class") pursuant to § 502(a)(2) and (3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(2) and (3).

2. As more fully set forth below, Defendant breached its fiduciary duties owed to the Plan and the Class, including those fiduciary duties set forth in ERISA § 404, 29 U.S.C. § 1104, and Department of Labor Regulations, 29 C.F.R. § 2550. Defendant also engaged in prohibited transactions in violation of ERISA § 406 (b), 29 U.S.C. § 406 (b). As a result of these breaches,

Defendant is liable to the Plan and the Class for all losses resulting from each such breach of fiduciary duty. Plaintiff also seeks equitable relief.

3. Plaintiff's claims arise out of Defendant's improper receipt of fees for services rendered to the Plan in excess of those expressly agreed to under the Plan. In particular, Defendant received a share of fees paid to third parties in addition to the amount expressly agreed under the Plan as compensation for the services Defendant provided to the Plan ("Kickbacks"). As a result of the payment of these Kickbacks to Defendant, Defendant was in effect overpaid for services rendered. By accepting these Kickbacks, Defendant breached its fiduciary duty to the Plan and engaged in prohibited transactions under ERISA. Defendant is liable for all money or other consideration received in excess of the amount it agreed to be paid for services rendered.

## II. JURISDICTION AND VENUE

4. Plaintiff's claims arise under and pursuant to ERISA § 502, 29 U.S.C. § 1132.

5. This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

6. Venue is proper in this District in that this District is where the breaches took place and where Defendant resides or may be found.

## III. THE PARTIES

7. Plaintiff, Columbia Air Services, Inc., is a Connecticut corporation with its principal place of business in Groton, Connecticut.

8. Defendant, Fidelity Management Trust Company, is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

## IV. SUBSTANTIVE ALLEGATIONS

9. The Plan is an employee benefit plan within the meaning of ERISA § 3(3) and 3(2)(A), 29 U.S.C. § 1002(3) and 1002(2)(A). The purpose of the Plan is to provide retirement benefits to Plan Participants.

10. The Plan is a "defined contribution" or "individual account" plan within the meaning of ERISA § 3(34), 29 U.S.C. § 1002(34), in that the Plan provided for individual accounts for each Participant and for benefits based solely upon the amount contributed to those accounts, and any income, expenses, gains and losses, and any forfeitures of accounts of other Participants which may be allocated to such Participant's account. Consequently, retirement benefits provided by the Plan are based solely on the amounts allocated to each individual's account. The Plan is a typical 401(k) retirement plan similar to those offered by employers throughout the country.

11. A number of services may be provided to defined contribution retirement plans in order for them to operate. These services include selection and monitoring of appropriate mutual funds for the investment of plan assets, consulting and financial advice concerning investment selection and monitoring, recordkeeping to keep track of employee contributions and accounts, custodial or trust services to hold and invest plan assets and communications to employees to advise and educate employees regarding the operation of the plan and investment of plan assets.

12. The Plan was created through execution of an adoption agreement by Plaintiff and Defendant adopting a form plan document as the Plan. The adoption agreement included information specific to the Plan such as the name of the Plan, the name and address of the Plan administrator, the name of the Plan Trustee, in this case Defendant, and similar information.

13. The Plan document provided for establishment of a trust to hold Plan assets which occurred upon execution of the adoption agreement.

14. The Plan document similarly provided that Defendant agreed to accept all of the duties of trustee under the Plan by execution of the adoption agreement. In particular, Defendant agreed to open and maintain a trust account for the Plan and individual accounts for each participant in the Plan, accept contributions on behalf of participants to the Plan, invest and reinvest Plan assets and hold securities owned by the Plan in accordance with the terms of the Plan.

15. ERISA imposes on a plan fiduciary the duty of loyalty – that is, the duty to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of . . . providing benefits to participants and their beneficiaries . . . ." The duty of loyalty entails a duty to avoid conflicts of interest and to resolve them promptly when they occur. A fiduciary must always administer a plan with an "eye single" to the interests of the participants and beneficiaries, regardless of the interests of the fiduciaries themselves or the plan sponsor. Consistent with this duty, the Plan expressly provided that Defendant would hold Plan assets in trust "for the exclusive purpose of providing benefits to Participants and Beneficiaries and defraying the reasonable expenses of the Plan." It further provided that no Plan assets would revert to the employer except as specifically permitted under the Plan.

16. Under the Plan, Defendant was to receive a fee for performing its duties under the Plan in "such reasonable amounts as [Defendant] may from time to time specify in the Service Agreement or any other written agreement with [Plaintiff]."

17. Consistent with this provision of the Plan, Plaintiff and Defendant entered into a Service Agreement which specifically enumerated certain services to be provided by Defendant and the fees to be paid to Defendant for providing all of the services Defendant agreed to provide under the Plan and Service Agreement.

18. Pursuant to the Service Agreement, Defendant directed Plaintiff to a list of available investment options for the Plan. However, under the Plan, Defendant did not have the duty to select the final list of investment options available for investment of Plan assets and, in fact, did not do so. Accordingly, the Service Agreement provided for no fee to Defendant for investment selection or management services.

19. Plaintiff selected a number of mutual funds into which Plan assets could be invested from the list of options provided by Defendant pursuant to the Service Agreement and subject to other restrictions in the Plan.

20. The mutual funds and their managers and brokers selected for the investment of Plan assets charged fees arising out of the investment of Plan assets (the "Investment Fees").

21. Upon information and belief, Defendant was paid a share of the Investment Fees (the "Kickbacks"), even though Defendant performed no services for the Plan other than those services it agreed to provide under the Plan and Service Agreement in exchange for the specific amount it agreed to be paid under the Service Agreement.

22. Defendant received the Kickbacks as a result of its exercise of its duties under the Service Agreement.

23. The Kickbacks are Plan assets.

24. Since the mutual fund companies performed all of their duties for the Plan for the fees charged to the Plan less the amount of the Kickbacks, the Plan overpaid for the services of the mutual funds at the expense of the Plan and its Participants and expenses should have been reduced by the amount of the Kickbacks.

25. Defendant failed to use the Kickbacks for the exclusive purpose of providing benefits to Participants and Beneficiaries and defraying the reasonable expenses of the Plan as set forth in the Plan and Service Agreement, but instead kept the Kickbacks for its own use.

26. By accepting the Kickbacks for its own use and failing to use them for the benefit of the Plan, Defendant breached its fiduciary duty to the Plan.

## V. CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action in part as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class consisting of all sponsors, administrators and trustees on behalf of all defined contribution retirement plans for which Defendant serves or has served as trustee (the "Class").

28. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown at this time and can only be ascertained through appropriate discovery, Plaintiff believes there are, at a minimum, thousands of members of the Class.

29. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

(a) whether Defendant was a trustee of the plans;

(b) whether Defendant breached its fiduciary duties by receiving excessive compensation and/or converting Plan assets to its own use;

(c) whether the plans were injured by such breaches; and

(d) whether the Class is entitled to damages and injunctive relief.

30. Plaintiff's claims are typical of the claims of the members of the Class, as Plaintiff and members of the Class sustained injury arising out of Defendant's wrongful conduct in breaching its fiduciary duties and violating ERISA as complained of herein.

31. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained competent counsel. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since joinder of all members of the Class is impracticable. Furthermore, because the injury suffered by the individual Class members may be relatively small, the expense and burden of individual litigation makes it impracticable for the Class members individually to redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## COUNT I: BREACH OF FIDUCIARY DUTY

33. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

34. Defendant breached its fiduciary duty to the Plan in that it received, retained and used the Kickbacks for its own use and failed to return the Kickbacks to the Plan to be used for the exclusive purpose of providing benefits to Participants and Beneficiaries and defraying the reasonable expenses of the Plan as set forth in the Plan and Service Agreement.

35. Defendant breached its fiduciary duty to the Plan.

36. As a consequence of Defendant's breaches, the Plan suffered losses equal to the amount of the Kickbacks together with any amounts that could have been earned thereon.

37. Defendant is liable to personally make good to the Plan any losses to the Plan resulting from each breach under 29 U.S.C. § 502(a)(2).

38. Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), the Court should award equitable relief to the Class.

## COUNT II: PROHIBITED TRANSACTIONS

39. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

40. ERISA § 406 (b)(1), 29 U.S.C. § 406 (b)(1), prohibits a fiduciary from dealing with assets of a plan for its own interest or account.

41. Defendant violated this provision in that it received assets of the Plan for its own interest through its receipt of the Kickbacks.

42. ERISA § 406 (b)(3), 29 U.S.C. § 406 (b)(3), prohibits a fiduciary from receiving consideration from any party dealing with a plan in connection with a transaction involving assets of the plan.

43. Defendant violated this provision in that it received Kickbacks from third parties dealing with the Plan concerning Plan investments and the payment of fees in connection therewith.

44. Defendant's receipt of the Kickbacks are transactions prohibited by ERISA.

45. Defendant is liable to personally make good to the Plan any losses to the Plan resulting from these prohibited transactions breach under 29 U.S.C. § 502(a)(2).

46. Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), the Court should award equitable relief to the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for:

A. A determination that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, appointment of the Plaintiff as class representative and a determination that Plaintiff's counsel satisfies the prerequisites of Rule 23(g);

  B. A Declaration that Defendant breached ERISA fiduciary duties owed to the Plan and Participants;

  C. An Order compelling Defendants to make good to the Plan all losses to the Plan resulting from Defendant's breaches of fiduciary duty and violations of ERISA;

  D. Imposition of a Constructive Trust on any amounts by which Defendant was unjustly enriched at the expense of the Plan as the result of breaches of fiduciary duty and violations of ERISA;

  E. An Order for equitable restitution and disgorgement of any Plan assets Defendant obtained as a result of its breaches of fiduciary duty, including receipt of the Kickbacks, and other appropriate equitable monetary relief against Defendants.

  F. An Order enjoining Defendants from any further violations of their ERISA fiduciary obligations;

  G. Actual damages paid to the Plan in the amount of any losses the Plan suffered;

  H. An Order allocating the Plan's recoveries to the accounts of all Participants;

  I. An Order awarding costs pursuant to 29 U.S.C. § 1132(g); and

  J. An order awarding attorneys' fees pursuant to 29 U.S.C. § 1132(g) and the common fund doctrine.

**Plaintiff, Columbia Air Services, Inc.**

By   /s/ Kate Moran Carter_____

Bradford S. Babbitt BBO# 566390
Craig A. Raabe
Elizabeth R. Leong
Kate Moran Carter, BBO# 664202
**ROBINSON & COLE, LLP**
280 Trumbull Street
Hartford, Connecticut 06103-3597
Telephone: (860) 275-8200
Facsimile:  (860) 275-8299

Robert A. Izard
Jeffrey S. Nobel
Mark P. Kindall
**SCHATZ NOBEL IZARD, P.C.**
20 Church Street, Suite 1700
Hartford, CT 06103
Telephone: (860) 493-6292
Facsimile:  (860) 493-6290

Joseph Gentile
Ronen Sarraf
**SARRAF GENTILE LLP**
485 Seventh Avenue, Suite 1005
New York, NY 10018
Telephone: (212) 868-3610
Facsimile: (212) 918-7967

**Attorneys for Plaintiff and the Class**