UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-11344-GAO

COLUMBIA AIR SERVICES, INC.,
individually and on behalf of all others similarly situated,
Plaintiff

v.

FIDELITY MANAGEMENT TRUST COMPANY,
Defendant

OPINION AND ORDER
September 30, 2008

O'TOOLE, D.J.

Columbia Air Services, Inc. ("Columbia Air") serves as the sponsor and administrator for the Columbia Group of Companies 401(k) Retirement Savings Plan (the "Plan"). Columbia Air has brought suit against Fidelity Management Trust Company ("FMTC") under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq. The plaintiff claims that FMTC breached the general fiduciary standard of loyalty under ERISA, 29 U.S.C. § 1104(a)(1)[1] by receiving a share of mutual fund fees earned by Fidelity-brand mutual funds.[2] The plaintiff also claims that the same conduct constitutes a prohibited transaction in violation of 29 U.S.C. § 1106(b).[3] The plaintiff also

---

[1] Section 1104(a)(1), in relevant part, states: "[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and – (A) for the exclusive purpose of: (I) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

[2] Fidelity-brand mutual funds refer to funds advised by Fidelity Management & Research Co., an affiliate of FMTC.

[3] Section 1106(b), in relevant part, states: "A fiduciary with respect to a plan shall not– (1) deal with the assets of the plan in his own interest or for his own account, (2) in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party)

seeks to bring the same claims on behalf of a purported class. FMTC has moved to dismiss all claims. For the reasons stated below, FMTC's motion to dismiss is GRANTED.

## I. Background

The Plan qualifies as a contribution plan within the meaning of ERISA, 29 U.S.C. § 1002(34), and a 401(k) plan under the Internal Revenue Code, 26 U.S.C. § 401(k). (Compl. ¶ 10.) It is a "defined contribution" or "individual account" plan in that it provided for individual accounts for each participant. (Id.) Columbia Air serves as the Plan's sponsor and administrator. (Id. ¶ 1.) As administrator, Columbia Air qualifies as a "named fiduciary" under ERISA, 29 U.S.C. § 1102(a), and possesses "the powers and responsibilities with respect to the management and operation of the Plan. . .." (Def.'s Mem. in Support of Def.'s Mot. to Dismiss Pl.'s Class Action Compl., Ex. A, § 19.04 [hereinafter "Plan Document"].) Columbia Air selected the investment lineup, a range of mutual funds, that was made available to Plan participants. Plan participants, current and former employees, selected the particular funds in which their individual accounts are invested.

Columbia Air executed a Service Agreement hiring FMTC to serve as "directed trustee" of the Plan. (Def.'s Mem. in Support of Def.'s Mot. to Dismiss Pl.'s Class Action Compl., Ex. B, [hereinafter "Service Agreement"].) The Service Agreement and Plan Document detail the services which FMTC agreed to provide to the Plan. In its capacity as directed trustee, FMTC opened and maintains a trust account for the Plan, maintains records tracking employee contributions, and

---

whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries, or (3) receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan."

performs general trust services to hold and invest plan assets.[4]  (See id. arts. I & II; Plan Document § 20.04.)

Columbia Air selected an investment line up of thirty-eight Fidelity-brand mutual funds from a list of options provided by FMTC pursuant to the Service Agreement.  (Compl. ¶ 19; Service Agreement app. A, ¶ 1.)  Fidelity-brand funds were the only funds selected.  The Service Agreement provides: "All Plan assets must be invested in the Permissible Investments elected by the Employer and identified in Appendix A, and are subject to the terms and conditions contained therein. The Employer may add, delete, or replace a Permissible Investment with another. . .."  (Service Agreement art. II, ¶ 5.)  The Service Agreement incorporates by reference the selected mutual funds' prospectuses.  Columbia Air, in signing the Service Agreement, represented that "it accessed each such prospectus" on Fidelity's website.  (Id. app. A, ¶ 1.)

Columbia Air agreed to compensate FMTC for acting as "directed trustee."  (Compl. ¶¶ 16-17.)  The parties agreed FMTC was to be compensated "in accordance with Article I, this Article II, and any Appendices or amendments to this Agreement."  (Service Agreement art. II, ¶ 9.)  Appendix A contained the list of the chosen Fidelity-brand mutual funds.  This appendix also references each mutual funds' prospectus which explained the fees associated with investment in the fund ("mutual fund fees").  (Id. app. A.)  These fees were charged by the respective mutual fund managers.  (Compl. ¶ 20.)

Columbia Air alleges that FMTC received a share of the fees paid to the various Fidelity

---

[4] General trust services include the authority to: (1) deal with and invest the Trust Fund; (2) transfer to and invest all or any part of the Trust; (3) retain uninvested cash for the administration of Trust; (4) sell, lease, convert, etc. the Trust's assets; (5) bring and defend claims on behalf of the Trust; (6) employ agents and counsel; (7) settle claims involving the Trust; (8) participate in any reorganization; (9) purchase annuity contracts; (10) hold securities; (11) appoint custodians to hold investments; (12) execute all necessary instruments; (13) exercise generally any powers of the owner; and (14) to take all action necessary under the Trust Agreement.  (Plan Document § 20.04.)

3

mutual funds.[5] (Id. ¶ 3.) The complaint characterizes these payments to FMTC as "kickbacks." (Id. ¶¶ 3, 21.) Columbia Air's primary contention is that FMTC's receipt of these payments constitutes improper compensation. (Id. ¶ 24.) According to Columbia Air, FMTC provided no additional services in exchange for this compensation. (Id. ¶ 21.) Columbia Air alleges that FMTC was overpaid for the services it agreed to provide under the Service Agreement at the expense of the Plan and its participants. (Compl. ¶ 24.) Columbia Air, on behalf of the Plan and the class, seeks equitable relief under 29 U.S.C. § 1132(a)(3), specifically an order that FMTC make restitution to the Plan in the amount of the mutual fund fees it improperly received.

## II. Motion to Dismiss Standard

Rule 12(b)(6) authorizes courts to dismiss a complaint when it fails to allege "a plausible entitlement to relief." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1973 (2007); Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007). Essentially, the complaint must contain sufficient factual allegations to "raise a right to relief above the speculative level." Bell Atlantic Corp., 127 S.Ct. at 1964-65. Although courts continue to accept well-pleaded facts as true, credence will not be extended to "labels and conclusions, and a formulaic recitation of the elements of a cause of action. . .." Id.; see Buck v. Am. Airlines, Inc., 476 F.3d 29, 33 (1st Cir. 2007) (emphasizing that on a motion to dismiss "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited") (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)).

When evaluating motions to dismiss, courts may consider any documents to which the complaint's factual allegations are linked because these documents effectively merge into the

---

[5] FMTC vehemently denies this factual allegation. (Def.'s Memo. in Support re Mot. to Dismiss Pl.'s Class Action Compl. 1-2.) For the purposes of this Rule 12(b)(6) motion, however, the Court must accept this allegation as true.

pleadings. Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (noting that consideration of these documents does not convert a motion to dismiss into a motion for summary judgment).

### III. Discussion

Columbia Air alleges that FMTC breached the general fiduciary standard of loyalty under ERISA, 29 U.S.C. § 1104(a)(1), and engaged in prohibited transactions in violation of 29 U.S.C. § 1106(b) when it received a share of mutual fund fees from Fidelity affiliates. The necessary predicate to each claim is that FMTC was an ERISA fiduciary with respect to the conduct alleged in the complaint. See Pegram v. Herdrich, 530 U.S. 211, 226 (2000) (explaining this threshold inquiry under § 1104);[6] O'Toole v. Arlington Trust Co., 681 F.2d 94, 97 n.1 (1st Cir. 1982) (indicating that fiduciary status is also a prerequisite under § 1106(b)). Columbia Air has not alleged facts that would support a conclusion that FMTC was acting as a fiduciary with respect to the Plan such that receipt of any share of fees charged by affiliated mutual funds would have constituted a breach of a fiduciary duty owed to the Plan.

Under ERISA, a person (including an entity like FMTC) is a fiduciary solely *to the extent* that it: (I) exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) has any

---

[6] "In every case charging breach of ERISA fiduciary duty, then, the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." Pegram, 530 U.S. at 226.

discretionary authority or discretionary responsibility in the administration of such plan. 29 U.S.C. § 1002(21)(A).

The First Circuit has made clear that fiduciary status is never "an all or nothing proposition." Beddall v. State Street Bank & Trust Co., 137 F.3d 12, 18 (1st Cir. 1998). Rather, an entity may be a fiduciary for some purposes and not for others, because fiduciary liability is triggered only when, and to the extent, that the entity exercises discretionary authority. See id. (recognizing that "fiduciary liability arises in specific increments correlated to vesting or performance of particular fiduciary functions in service of plan, not in broad, general terms"). To succeed on either claim, then, Columbia Air must allege specific facts indicating that FMTC exercised discretionary authority with respect to any transaction that led to its alleged receipt of improper compensation. Without the exercise (and misuse) of discretionary authority, FMTC would not be, as to the matter under inquiry, an ERISA fiduciary.

The facts presented by Columbia Air may justify the conclusion that FMTC possessed *some* discretionary authority and, therefore, acted as an ERISA fiduciary for *some* purposes. However, as a "directed trustee," FMTC had substantial limits placed on its authority and discretion. (Plan Document § 20.04) ("The Trustee shall have no discretion or authority with respect to the investment of the Trust Fund but shall act solely as a directed trustee of the funds contributed to it."). FMTC contracted only to provide certain administrative services, including contribution and loan processing, enrollment and education services, and record keeping. (Service Agreement art. I.) It was also given basic oversight powers to supervise the day-to-day operations of the Trust. (See Compl. ¶ 14; Plan Document § 20.04.) Its fiduciary responsibility is limited to the services it performed.

Notably, Columbia Air fails to allege any facts tending to establish that FMTC acted as a

fiduciary when negotiating the terms of its engagement as directed trustee, including its compensation.[7] The First Circuit has not apparently addressed when an entity might be an ERISA fiduciary with respect to negotiation of its own compensation, but case law from other circuits indicates that there are two circumstances in which an entity may be a fiduciary with respect to its own compensation. See, e.g., F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1259 (2d Cir. 1987).

First, an entity may be an ERISA fiduciary when the entity had a relationship to, authority over, or responsibility to the ERISA plan *before* the service agreement was signed. Id. This would likely be a rare situation because parties generally enter into service agreements initially by "an arm's length bargain presumably governed by competition in the marketplace." See Schulist v. Blue Cross of Iowa, 717 F.2d 1128, 1131-32 (7th Cir. 1983). Here, Columbia Air and FMTC negotiated the engagement of FMTC as the directed trustee at arm's length. (Compl. ¶¶ 14, 17.) The complaint contains no allegations that FMTC had any prior relationship with Columbia Air or the Plan that imposed on it any obligations in the negotiation of its compensation.

Alternatively, an entity might become an ERISA fiduciary with respect to compensation after the service agreement has been signed if the agreement gives it control over factors that determine the actual amount of its compensation. Seaway Food Town, Inc. v. Medical Mut. of Ohio, 347 F.3d 610, 619 (6th Cir. 2003); F.H. Krear & Co., 810 F.2d at 1259. See also Ed Miniat, Inc. v. Globe Life Ins. Group, Inc., 805 F.2d 732, 737 (7th Cir. 1986) (complaint stated a claim that insurer was an ERISA fiduciary because the plan contract authorized the insurer to reduce the annual rate of return it was required to pay on collected premiums). The complaint alleges no facts that would support

---

[7] See supra note 6.

the conclusion that FMTC had some discretionary power to influence the compensation paid to it for its service as directed trustee of the Plan.

The plaintiff asserts that while the compensation set forth in the Service Agreement was the result of arm's length negotiation, FMTC did not disclose that it would also be receiving a share of the fees paid to the Fidelity mutual funds in which the Plan's assets were invested. Once it became the directed trustee, the argument goes, its fiduciary responsibilities under ERISA prohibited it from receiving such payments from the funds.

The problem with this theory is that the complaint does not allege that FMTC *acted* as a fiduciary with respect to the Plan's investment in the various mutual funds. See 29 U.S.C. § 1002(21)(A). It would be a different story if FMTC had directed the Plan's investments to mutual funds that in turn paid it for doing so. But here it is clear that the selection of the mutual funds was done by Columbia Air. The complaint alleges that FMTC "directed Plaintiff to a list of available investment options," but that FMTC "did not have the duty to select the final list of investment options available for investment of Plan assets and, in fact, did not do so." (Compl. ¶ 18.) Moreover, FMTC's having "directed Plaintiff to a list of available investment options," even if it could be thought to have involved a discretionary act, occurred during the formation of the relationship, not in the discharge of FMTC's duties under its directed trusteeship.

Columbia Air relies heavily on Haddock v. Nationwide Financial Services, 419 F. Supp. 2d 156 (D.Conn. 2006) to support its contention that receipt of mutual fund fees breaches a fiduciary duty. There, trustees of an ERISA plan sued Nationwide for breach of fiduciary duties and prohibited transactions due to the retention of "revenue sharing payments" obtained via contracts with certain mutual funds. 419 F. Supp. 2d at 160-63. The Haddock court found Nationwide could qualify as an ERISA fiduciary. Id. at 166. But the facts of that case are different from this. Nationwide had

8

significant authority over the mutual funds because it could unilaterally delete and substitute mutual funds from the list of available investment options whenever future investment appeared unwise. Id. at 161. As noted by the court, Nationwide effectively had the power to remove all funds that refused to share revenue from the list of permissible investments and substitute only funds agreeing to share revenue. Id. at 166 n.6. This fact alone demonstrated that Nationwide had sufficient discretionary authority over its own compensation such that it could be an ERISA fiduciary. See id. Here, FMTC entirely lacks the kind of discretionary authority that Nationwide had and that made it a potential fiduciary. (Service Agreement art. II, ¶ 5) (expressly stating that only "[t]he Employer [i.e., Columbia Air] may add, delete, or replace a Permissible Investment with another").

In sum, the core of Columbia Air's complaint is that FMTC breached its fiduciary duty by receiving share of mutual fund fees. A threshold issue requires a sufficient allegation that FMTC was a fiduciary with respect to negotiating its own compensation. No reading of the complaint, Service Agreement, and Plan Document supports such a finding. Although FMTC may have been a fiduciary for some purposes, FMTC was not a fiduciary for the purposes central to the claims set forth in the complaint.[8]

## IV. Conclusion

For the foregoing reasons, the complaint fails to allege facts supporting the claim that FMTC acted as a fiduciary the purposes named in the complaint. FMTC's motion to dismiss (dkt. no. 14) is GRANTED, and the complaint is DISMISSED.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
    United States District Judge

---

[8] Because Columbia Air cannot maintain its own ERISA claims, the class claims obviously fail as well.

9